**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4814**

---

UNITED STATES OF AMERICA,

　　　　　　Plaintiff – Appellee,

　　　v.

LEMAR RAYMOND DASHER,

　　　　　　Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　W. Earl Britt, Senior District Judge.　(5:12-cr-00128-BR-1)

---

Submitted:　July 19, 2013　　　　Decided:　August 14, 2013

---

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2012, Lemar Raymond Dasher pled guilty without a plea agreement to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). The district court sentenced Dasher to 78 months' imprisonment, the top of the applicable Guidelines range. Dasher timely appeals, arguing that the 78-month sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a) (2006).

This court reviews a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Where, as here, the defendant does not challenge the procedural reasonableness of his sentence, we review the sentence only for substantive reasonableness under the abuse-of-discretion standard. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a). In reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the properly calculated Guidelines range, we presume on appeal that the sentence is substantively reasonable. United States v. Susi,

2

674 F.3d 278, 289 (4th Cir. 2012).  Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (2006) (internal quotation marks omitted).

Dasher argues that the totality of the circumstances in his case do not warrant a sentence at the top of the Guidelines range.  Dasher concedes that a three-level enhancement for possession of a weapon was properly applied to him.  He argues, however, that the fact that he did not actually possess a weapon, but only created the appearance of a gun in a bandaged hand, should have weighed more heavily in his favor.

"[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."  United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011).  In imposing a sentence at the top of the Guidelines range, the district court focused on the violent threat made by Dasher during the bank robbery and on his past criminal history.  Because the district court did not abuse its discretion in according significant weight to these factors, we conclude that Dasher has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, we affirm Dasher's sentence.  We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED